NOT DESIGNATED FOR PUBLICATION

No. 123,227

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAUL A. RAMIREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed August 20, 2021.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., CLINE, J., and WALKER, S.J.

PER CURIAM: Saul Ramirez appeals the district court's revocation of his probation and imposition of his underlying 12-month jail sentence. He claims the court abused its discretion because its decision to revoke his probation relied in part on various earlier probation violations for which he had already been sanctioned. He also asserts that no reasonable person would agree with the court's decision. After carefully considering Ramirez's arguments and the record before us, we affirm the district court's ruling.

1

Ramirez pleaded guilty in December 2019 to one count of driving under the influence (DUI)—his third DUI conviction. The district court sentenced Ramirez to a 12-month jail term and ordered him to pay a $1,750 fine. The court then, in accordance with the parties' recommendations, suspended the jail sentence and ordered Ramirez to serve 2,160 hours (90 days) of house arrest followed by 12 months' probation.

Ramirez's probation was subject to several conditions, including that he complete an alcohol treatment program and group therapy and meet periodically with his probation officer. After several incidents where he did not attend mandatory recovery meetings, Ramirez's probation officer cautioned him that further noncompliance with the terms of his probation could lead to sanctions or even a revocation. When he still did not attend required treatment sessions and group therapy, the probation officer required him to serve a 72-hour jail sanction.

Ramirez completed this sanction on July 19, 2020. Less than two weeks later, he again failed to report to a required group therapy session. The State then moved to revoke his probation, citing his repeated tardiness and absence from his mandated drug and alcohol treatment, his failure to keep telephone appointments, and his admission that he had not remained alcohol-free.

During the hearing on the State's motion, the probation officer outlined the various ways Ramirez had not complied with the conditions of his probation. The officer conceded that all but one of Ramirez's violations had occurred before his 72-hour sanction. But she explained that Ramirez had missed the treatment session directly after serving his sanction—imposed when he missed several earlier meetings—and concluded that Ramirez had "not successfully complete[d] treatment at all." Ramirez acknowledged he had not participated in his recovery program or attended his court-mandated treatment

sessions, but he requested the court to order further alcohol treatment instead of requiring him to serve his underlying jail sentence.

The district court concluded that Ramirez had violated the terms of his probation on multiple occasions, most recently and most notably by missing the group therapy session immediately after he was sanctioned for previous noncompliance. The court observed that it did not appear that Ramirez was "getting the issue" during treatment and probation. The court thus revoked Ramirez's probation and ordered him to serve the underlying 12-month jail term.

DISCUSSION

On appeal, Ramirez argues that the district court made an error of law by including in its analysis violations that occurred before his 72-hour sanction. He further asserts that the single violation of his probation conditions after that sanction—missing the following group therapy session—does not justify revoking his probation. We find neither argument persuasive.

A district court's decision to revoke probation involves two steps: (1) a factual finding that the offender has violated a condition of probation and (2) a discretionary assessment of the appropriate disposition in light of the proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). Once a violation has been established, the decision to reinstate probation or to revoke and incarcerate the offender rests within the sound discretion of the district court. 286 Kan. at 227-28. A district court exceeds that discretion if it rules in a way no reasonable judge would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019). Ramirez carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Turning to Ramirez's arguments, the transcript does not reflect that the district court revoked his probation as a sanction for his probation violations predating his 72-hour jail sanction. Rather, the court noted that he had a history of noncompliance, was sanctioned, and nevertheless missed his next group therapy session. The court found that this missed session again violated the conditions of his probation.

Ramirez does not contest this finding. Rather, his argument concerns the court's decision to revoke his probation instead of imposing some other sanction. Ramirez argues that because he had already been penalized for his previous probation violations, the court could not take his earlier conduct into account when it determined the proper course of action following his missed therapy appointment. And he asserts that it was unreasonable for the court to revoke his probation solely on that basis. We disagree.

Probation is an act of judicial leniency afforded a person as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Contrary to Ramirez's arguments on appeal, a district court's decisions regarding probation do not occur within a vacuum. Rather, Kansas law provides the courts flexibility to craft individualized approaches—within the statutory probation framework—to address the circumstances surrounding each violation and each offender.

K.S.A. 2018 Supp. 22-3716(b)(3)(B), which governs probation in cases involving DUI convictions, affords a court broad discretion when faced with a probation violation. Unlike cases involving other felony convictions that are subject to a graduated-sanction framework under K.S.A. 2018 Supp. 22-3716(c), the district court in Ramirez's case had discretion—based on the most recent, postsanction probation violation—to continue or modify the probation after imposing a jail sanction of up to 60 days, to impose a 2- or 3-day jail sanction with no modification, or to revoke probation and impose a legally appropriate term of incarceration. See K.S.A. 2018 Supp. 22-3716(b)(3)(B)(i)-(iii).

4

In such cases, appellate courts will only overturn a district court's ruling when the court abuses its discretion. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Here, the district court found that Ramirez's actions—failing to show up for his group therapy session immediately after he had been sanctioned for multiple similar violations—showed that he was not benefiting from the treatment plan or probation generally. As the district court noted, Ramirez was not "getting the issue"; he had not responded well to probation and to the treatment setting. Thus, instead of imposing an additional sanction or extending probation, the court revoked his probation and ordered him to serve his underlying jail sentence. This assessment was not unreasonable.

The district court did not abuse its discretion when it revoked Ramirez's probation and ordered him to serve his underlying jail term.

Affirmed.